UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM BEAUREGARD, as
personal representative
of THE ESTATE OF SARAH
DAWN BEAUREGARD,

    Plaintiff,

vs.                                CASE NO. 3:08-cv-37-J-32HTS

CONTINENTAL TIRE NORTH
AMERICA, INC., a foreign
corporation,

    Defendant.

## **O R D E R**[1]

This cause is before the Court on the following matters:

1. The Motion to Compel Plaintiff to Play Fair (Doc. #20; Motion), filed on January 21, 2009. Mr. Beauregard opposes the Motion. *See* Plaintiff's Response to Defendant's Motion "Motion to Compel Plaintiff to Play Fair" (Doc. #24; Opposition), filed on January 28, 2009.

After initially quarreling in regard to Plaintiff's videotaping of an inspection of evidence by Continental Tire North

---

[1] Pursuant to § 205(a)(5) of the E-Government Act of 2002, this Order is available electronically. It is not otherwise intended for publication or to serve as precedent.

America, Inc.'s (CTNA) expert, the parties agreed such recording would be permitted on condition that Plaintiff would not view or otherwise use the resulting tape unless the matter was ultimately "resolved by the Court" at a later time. Motion at 2; Opposition at 3. Mr. Beauregard has not as of this date moved for an order authorizing his affirmative use of the recording. To the contrary, his counsel represents the "sole purpose in videotaping adverse witnesses' inspections of evidence [his clients] own is to prevent [the] witnesses from altering the evidence or fabricating claims about the evidence." Opposition at 2 (emphasis omitted). It is indicated he does "not intend to even ask the Court for leave to view, duplicate, or use the videotape unless . . . later [there arises] reason to believe Defendant's expert has altered the evidence or fabricated a claim about" it. *Id.* at 3.

Nevertheless, citing no legal authority for the proposition,[2] Defendant now requests an order compelling Mr. Beauregard "to produce all videotapes of all experts, including their own experts, inspecting the subject vehicle" or, alternatively, "if Plaintiff did not videotape their own expert's exams[,] an order compelling Plaintiff to return the videotapes of all of CTNA's experts' inspections of the subject vehicle and prohibiting Plaintiff . . .

---

[2] The absence of a memorandum directing the Court to authority in support of the Motion violates Rule 3.01(a), Local Rules, United States District Court, Middle District of Florida.

from duplicating, viewing or otherwise utilizing same." Motion at 3 (capitalization omitted). In regard to the primary relief requested, CTNA has neither alluded to its embodiment in a proper request for production nor otherwise demonstrated a right thereto. The negotiated terms of the parties' own agreement, as described in both the Motion and Opposition, certainly fail to establish any entitlement to the desired materials. The agreement also provides no basis for an immediate return of the videotape depicting the inspection. Rather, it seems the parties contemplated Plaintiff's retention of the recording, although Mr. Beauregard would not make use of it "until and unless the dispute as to [his] right to do so is resolved by the Court." Motion at 2. Finally, Plaintiff recognizes he is "bound by [his] agreement," Opposition at 3, and the necessity of a Court order reiterating his obligation has not been shown necessary.

Accordingly, the Motion (Doc. #20) is **DENIED**.

2. Defendant Continental Tire North America, Inc.'s Motion to Amend Fourth Affirmative Defense (Doc. #23; Motion to Amend), filed on January 22, 2009. Plaintiff's Response to Defendant, CTNA's, Motion to Amend Fourth Affirmative Defense (Doc. #27; Response) was filed on February 5, 2009.

Having realized Plaintiff may rely on a "safety belt defect theory[,]" Motion to Amend at 2, rather than concede decedent's

seat belt was unbuckled at the time of the accident giving rise to this case, CTNA "seeks to amend its fourth affirmative defense so that the manufacture[r] of the subject vehicle (whether it be Chrysler LLC, Chrysler Corporation, Jeep, and/or American Motors Corporation) and entity responsible for any defect in the safety belt, is formally pled as a *Fabre* Defendant." *Id.* at 3.[3] Defendant forecasts "the proposed amendment . . . would require no further discovery efforts and . . . no other revisions, extensions or other changes to the Court's Scheduling Order will be necessary." *Id.* at 4.

The Case Management and Scheduling Order (Doc. #8; CMSO), entered on May 8, 2008, established January 1, 2009, as the deadline for seeking amendments of pleadings. *Id.* at 1. On October 7, 2008, the Court granted Plaintiff's Unopposed Motion to Amend the Case Management and Scheduling Order (Doc. #15) and extended the deadlines relating to expert reports, but indicated "[t]he deadlines set forth in the [CMSO would] otherwise remain in effect, and" that its "ruling shall not serve as the basis for

---

[3] "In *Fabre v. Marin*, 623 So.2d 1182, 1185 (Fla. 1993), the Supreme Court of Florida held that Florida's comparative fault statute . . . requires fault to be apportioned among all responsible entities who contribute to an accident even though not all of them have been joined as defendants." *Wyke v. Polk County Sch. Bd.*, 129 F.3d 560, 575 (11th Cir. 1997) (internal quotation marks omitted). Thus, "[t]he term *Fabre* defense refers to a defendant's contention that a non-party defendant is wholly or partially responsible for the [injury] alleged." *Turner v. Penn. Lumbermen's Mutual Fire Ins. Co.*, No. 3:07-cv-374-J-32TEM, 2007 WL 3104930, at *1 n.5 (M.D. Fla. Oct. 22, 2007) (internal quotation marks omitted).

requesting an extension of any other deadline therein[.]"  Order (Doc. #16).

As Defendant acknowledges, *see* Motion to Amend at 3, when a motion to amend is filed after the scheduling order deadline, Rule 16(b), Federal Rules of Civil Procedure (Rule(s)) initially applies rather than Rule 15(a). *See Lamothe v. Bal Harbour 101 Condominium Assoc. Inc.*, No. 07-11321, 2008 WL 800041, at *2 (11th Cir. Mar. 27, 2008) (per curiam); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam); *Monticello Ins. Co. v. Nat'l Casualty Co.*, No. 603CV1514ORL19KRS, 2005 WL 1862706, at *3 (M.D. Fla. Aug. 4, 2005). Rule 16(b) provides that a scheduling order "may be modified only for good cause[.]"  A finding of "good cause" is reserved for situations in which "the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Rule 16 advisory committee note); *see also Monticello Ins. Co.*, 2005 WL 1862706, at *3 (quoting *Saewitz v. Lexington Ins. Co.*, 133 F. App'x 695, 700 (11th Cir. 2005)); *Datastrip Int'l Ltd. v. Intacta Techs., Inc.*, 253 F. Supp. 2d 1308, 1317 (N.D. Ga. 2003) (noting when a court evaluates a motion to amend after the filing of a scheduling order, it "must apply the good cause rubric of Rule 16 before considering whether amendments are proper under Rule 15").  Therefore, the Court must as a threshold matter consider whether Defendant has demonstrated good cause to amend under Rule 16(b).

CTNA asserts it "did not discover Plaintiff's safety belt defect theory until after the January 1, 2009 deadline." Motion to Amend at 4 (internal quotation marks omitted). Additionally, Defendant claims that, "in light of Corporal Napoli's investigation, it was impossible for [it] to anticipate that Plaintiff would contend that Sarah Beauregard was belted immediately prior to the subject accident and that a safety belt defect was the cause of her ejection and subsequent death." *Id.* CTNA contends its "failure to [timely] seek an amendment to its affirmative defenses was not due to a lack of diligence in discovery efforts." *Id.*

Defendant's position is not persuasive. Whereas it states the key information was not "discovered" until the amendment deadline was passed, CTNA appears to acknowledge it was in fact set out in expert reports received December 18, 2008—approximately two weeks before the last day for amending pleadings and more than a month prior to the filing of the Motion to Amend. *See id.* at 2. No adequate explanation is offered as to why the reports were not promptly read by counsel and were instead merely "forwarded . . . to CTNA's retained experts." *Id.* Plaintiff, who disagrees with the suggestion Defendant was first put on notice as to his seatbelt theory on December 18, 2008,[4] observes "a single reading of [Dr.

---

[4] Mr. Beauregard explains

(continued...)

Benedict's] report would have revealed [the] contention that Sarah Beauregard was belted . . ., since that was [his] primary op[i]nion."  Response at 3.  Given the clearly expressed findings in the report as quoted by Defendant, *see* Motion to Amend at 2, the Court agrees that, had counsel even hurriedly read over the document, its legal impact should have been apparent, triggering a timely motion to amend.  Hence, it would unfortunately be inaccurate to conclude the CMSO's deadline could not have been met despite diligent efforts to do so.

It has been observed that a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Moyer v. Walt Disney World Co.*, 146 F. Supp. 2d 1249, 1252 (M.D. Fla. 2000) (internal quotation marks omitted) (also noting consistency with which Eleventh Circuit has approved denying as untimely motions submitted after a court-imposed deadline); *see also Ameritox, Ltd. v. Aegis Servs. Corp.*, No. 07-80498-CIV, 2008 WL 2705435, at *1 (S.D. Fla. July 9, 2008).  That it is represented allowing the proposed amendment would necessitate no additional discovery or modification

---

⁴(...continued)
the homicide investigation report conducted by Florida Highway Patrol Corporal Anthony B. Napoli was published in May 2006, and . . . revealed that Plaintiff . . . 'indicated that he latched the seat belt for Sarah Beauregard,' although the FHP report found the belt unlatched.  Thus, Defendant was, or should have been, by performing its due diligence, aware that Plaintiff would maintain that Sarah Beauregard was belted[.]

Response at 2-3.

of the CMSO, *see* Motion to Amend at 4, may bear upon whether prejudice would result. Nevertheless, "prejudice . . . is immaterial" in determining whether good cause has been established under Rule 16. *Moyer*, 146 F. Supp. 2d at 1252; *see also Ameritox, Ltd.*, 2008 WL 2705435, at \*2 ("[E]ven if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made.").

Good cause not having been shown, the Motion to Amend (Doc. #23) is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of February, 2009.

/s/    Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of record and
    pro se parties, if any