UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM BEAUREGARD, as
personal representative
of THE ESTATE OF SARAH
DAWN BEAUREGARD,

    Plaintiff,

vs.                                  CASE NO. 3:08-cv-37-J-32HTS

CONTINENTAL TIRE NORTH
AMERICA, INC., a foreign
corporation,

    Defendant.

## **O R D E R**[1]

This cause is before the Court on Defendant Continental Tire North America, Inc.'s Amended Motion to Strike Plaintiff's Supplemental Expert Witness Disclosure (Doc. #36; Motion), which renders **MOOT** Defendant Continental Tire North America, Inc.'s Motion to Strike Plaintiff's Supplemental Expert Witness Disclosure (Doc. #34). The Motion is opposed. *See* Plaintiff's Amended Response to Defendant, CTNA's, Amended Motion to Strike Plaintiff's Supplemental Expert Disclosure (Doc. #53; Opposition).

---

[1] Pursuant to § 205(a)(5) of the E-Government Act of 2002, this Order is available electronically. It is not otherwise intended for publication or to serve as precedent.

Defendant, Continental Tire North America, Inc. (CTNA), argues the "purported Supplemental Expert Witness Disclosure and 'supplemental report' served March 16, 2009[,]" should be stricken for untimeliness, because it "is not an authorized supplemental report[,]" Motion at 1, and since it "is incomplete[.]" *Id.* at 2. Plaintiff maintains his "supplemental disclosure was timely and was a proper supplemental report which stated the factual basis upon which the opinion expressed was based." Opposition at 1.

The report at issue takes the form of a one-paragraph letter written by Linda L. Weseman and bearing the date March 13, 2009. It states in full:

> Since the issuance of my original report in December, 2008, I have generated additional opinions regarding the crash in which Sarah Beauregard was killed. It is my opinion based on my review of the Florida Highway Patrol photographs of the scene and vehicle, that following the tread separation on Mr. Beauregard's right front tire, the tread became involved with the right front wheel and axle, affecting the rate at which the right front tire rotated, causing loss of control of the vehicle. The loss of control was independent of any alterations that may have been made to the steering assembly. Once the skid was initiated, Mr. Beauregard no longer had any steering input.

Supplemental Report (Report), attached to the Motion as part of Exhibit "A[,]" at (externally numbered) 4.

According to CTNA, the Report is untimely given that "[t]he Second Amended Case Management and Scheduling Order (SACMSO) provided that disclosures pursuant to Rule 26(e)[, Federal Rules of

Civil Procedure (Rule(s)),] should be made before the date set forth in the SACMSO for disclosure of expert witness reports[.]" Motion at 5. This contention must fail. Pursuant to Rule 26(e)(2), supplementation "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Rule 26(a)(3)(B) provides that, "[u]nless the court orders otherwise, these disclosures must be made at least 30 days before trial." The Case Management and Scheduling Order (Doc. #8; CMSO) set deadlines for service of expert reports and expert rebuttal reports, and established September 15, 2009, as the due date for the filing of a pretrial statement. CMSO at 1. While the report and rebuttal report deadlines were later extended, *see* Order (Doc. #16); Order (Doc. #26), the timing of supplemental reports was not otherwise addressed. Therefore, assuming the Report is properly characterized as supplemental in nature, Defendant has failed to show it should be stricken as untimely.

Movant next asserts the Report is subject to being "stricken because it is not a 'supplemental' disclosure as defined and recognized by [Rule] 26(e)(2)." Motion at 7 (emphasis omitted). CTNA reasons the document "does not provide a more complete analysis or correct an error; instead [it] offers a completely separate opinion in regards to vehicle 'loss of control'." *Id.*

Although in the Report her views were described as generated subsequent to "the issuance of [her] original report in December, 2008," Report at (externally numbered) 4, Ms. Weseman testified the absence of the additional opinions from her original report was due to "an omission or an oversight on [her] part." Excerpt from the Videotaped Deposition of Linda L. Weseman, P.E. (Weseman Deposition), attached to the Motion as Exhibit C, at (externally numbered) 9. She further explained they "would fall under the assignment of time, speed, [and] distance" she had been given, *id.* at (externally numbered) 14, yet earlier she had portrayed the topics as separate matters. *See id.* at (externally numbered) 10 ("Initially, I was asked to do time, speed — perform time, speed, distance calculations and render those opinions. Subsequent to that I've been asked to also address the issue of the skid and the onset of skid."). Plaintiff's counsel intimates he "noticed the omission from Weseman's report of any opinions regarding [Mr. Beauregard's] loss of control while preparing for Weseman's deposition by opposing counsel which was set for March 18, 2009." Opposition at 2. Allegedly, upon realizing the deficiency, counsel contacted his expert on or about March 8, 2009, and requested the additional opinion(s). Weseman Deposition at (externally numbered) 9-11.

Rule 26(e)(1)(A) requires supplementation in situations where "the party learns that in some material respect the [original] disclosure or response is incomplete or incorrect[.]" Hence, it has been held "Rule 26(e) allows supplementation of expert reports only where a disclosing party learns that its information is incorrect or incomplete." *Oklahoma v. Tyson Foods, Inc.*, No. 05-CV-329-GKF-SAJ, 2008 WL 4832658, at *2 (N.D. Okla. Oct. 28, 2008). Still, a report that suffers from "a major omission" cannot be cured by the use of supplementation. *3M Innovative Props. Co. v. Dupont Dow Elastomers, LLC*, Civil No. 03-3364 (MJD/JGL), 2005 WL 6007042, at *4 (D. Minn. Aug. 29, 2005) (alteration and internal quotation marks omitted). Supplementation of an expert report pursuant to Rule 26(e) also "does not cover failures of omission because the expert did an inadequate or incomplete preparation." *Id.* (quoting *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002)). Indeed, "Rule 26(e) envisions supplementation when a party's discovery disclosures happen to be defective in some way so that the disclosure was incorrect or incomplete and, therefore, misleading." *Akeva*, 212 F.R.D. at 310; *see also Oklahoma*, 2008 WL 4832658, at *2. In short, the provision exists to "impose[] a duty[,]" not to grant any "right to produce information in a belated fashion." *3M Innovative Props. Co.,* 2005

WL 6007042, at *4 (internal quotation marks omitted).  Plainly, under the standard just articulated, Plaintiff cannot use the duty of supplementation to add to Ms. Weseman's opinions.

Pursuant to Rule 37(c)(1), a failure to disclose may result in exclusion of the information "unless the failure was substantially justified or is harmless."

> Substantial justification is justification to a degree that could easily satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.  Failure to disclose is harmless where there is no substantial prejudice to the party entitled to receive the disclosure.  The non-disclosing party bears the burden of establishing that the failure to disclose was substantially justified or harmless.

*Poole v. Gee*, No. 8:07-CV-912-EAJ, 2008 WL 2397603, at *2 (M.D. Fla. June 10, 2008) (citations and internal quotation marks omitted).

Apart from neglect, there is really no explanation offered for the considerable delay in offering the opinions at issue.  This does not amount to substantial justification.  In fact, the instant circumstances are uncomfortably reminiscent of those presented by Defendant Continental Tire North America, Inc.'s Motion for Protective Order to Prevent Plaintiff from Intentionally Destroying Evidence (Doc. #38).  *See* Order (Doc. #54) at 8-9 ("Mr. Beauregard completely fails to explain why he could not have performed the testing prior to the deadline for submitting expert reports.")

In regard to harmlessness, Mr. Beauregard represents that, at the expert's deposition, "CTNA questioned Weseman at length about the opinions expressed in" the Report and "was able to fully explore" both the "supplemental opinions and the bases for them." Opposition at 3.[2] Yet, Plaintiff does not satisfactorily address CTNA's point that it "is now unable to rebut [his] new 'loss of control' theory as the Court's expert rebuttal deadline passed on February 27, 2009." Motion at 7; *cf.* Order (Doc. #26). It is merely asserted "CTNA's claim . . . is disingenuous" since one of Defendant's experts, Dr. Christopher G. Shapley, gave "explanations for the vehicle's loss of control other than" that now proffered by Ms. Weseman. Opposition at 5-6. That Dr. Shapley has his own theory, *see* untitled report, attached to the Opposition as its second exhibit, at 1-2, does not vitiate the importance of Defendant's having an opportunity to serve a rebuttal report focused on the particular opinions expressed by Plaintiff's expert. Upon consideration, the Court has concluded the Report should be stricken.

---

[2] Whereas at the deposition Defendant may have elicited information, lacking in the Report, pertaining to the specific grounds underlying the expert's additional opinions, this does not excuse the omission from either that document or the original disclosure. *See* Rule 26(a)(2)(B)(i) (requiring "a complete statement of all opinions . . . and the basis and reasons for them").

In accordance with the foregoing, it is

**ORDERED**:

The Motion (Doc. #36) is **GRANTED** and the Report is **STRICKEN.**

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of April, 2009.

/s/   Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record and
    pro se parties, if any