UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM BEAUREGARD, as
personal representative
of THE ESTATE OF SARAH
DAWN BEAUREGARD,

    Plaintiff,

vs.                       CASE NO. 3:08-cv-37-J-32HTS

CONTINENTAL TIRE NORTH
AMERICA, INC., a foreign
corporation,

    Defendant.

_____

**O R D E R**

Discovery in this case closed on April 1, 2009. *See* Case Management and Scheduling Order (Doc. #8) at 1. The parties, however, have now taken to inundating the Court with a multitude of motions, some of which likely could have been submitted earlier. Moreover, the level of acrimony that has apparently arisen between counsel is entirely unacceptable. *See, e.g.,* Plaintiff's Response to CTNA's Motion to Strike Plaintiff's Motion to Compel Responses to Plaintiff's Second Request to Produce and Request for Admission (Doc. #62) at 2 ("Mr. Fein yelled at, threatened, and cursed undersigned counsel for at least 15 minutes[.]").

In a related vein, a review of filings received both before and after the close of discovery gives rise to serious doubts as to whether the dictates of Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida (Local Rule(s)), are

truly being observed.  *Cf.* Order (Doc. #45) (emphasizing the importance of Local Rule 3.01(g)).  While some of the filings claim the duty of conferral has been met, various representations indicate otherwise. *See, e.g.*, Continental Tire North America, Inc.'s Response to Plaintiff's Amended Local Rule 3.01(g) Certification (Doc. #48) at 1 ("Plaintiff's Amended Local Rule 3.01(g) Certificate . . . suggests that Plaintiff's counsel complied with this Court's April 1, 2009 Order by subsequently contacting the undersigned to discuss the Plaintiff's Motion to Compel.  He did not!"); Defendant Continental Tire North America, Inc.'s Motion to Strike Plaintiff's Motion to Compel Responses to Plaintiff's Second Request to Produce and Request for Admission (Doc. #58) at 1 ("Not only did counsel for Plaintiff not conduct the required meet and confer prior to filing the motion, but the motion explicitly relied upon misrepresentations in order to give the appearance that such a meet and confer had taken place."). Moreover, it seems many of the disagreements presented in the various motions could be resolved were counsel to put forth the good faith effort mandated by the Local Rules.

In keeping with the foregoing, and for the purpose of discouraging unnecessarily voluminous filings, the following motions are hereby **STRICKEN**: 1) Plaintiff's Motion for Protective

Order Regarding Nonparty Subpoenas (Doc. #63; Motion);[1] 2) Defendant Continental Tire North America, Inc.'s Motion for Protective Order (Doc. #59); 3) Defendant Continental Tire North America, Inc.'s Motion to Strike Plaintiff's Motion to Compel Responses to Plaintiff's Second Request to Produce and Request for Admission (Doc. #58); 4) Plaintiff's Motion to Compel Responses to Plaintiff's Second Request to Produce and Request for Admission (Doc. #49); 5) Plaintiff's Motion to Compel CTNA to Answer Interrogatories and Produce Documents (Doc. #39). Any future motions must demonstrate full compliance with the Local Rules by setting out in detail the substance of the required dialogue, and the parties are admonished to remember that "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1. If the difficulties persist, the Court may impose special conditions or prerequisites in regard to the filing of motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of April, 2009.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Motion also violates the Administrative Procedures for Electronic Filing in Civil and Criminal Cases, Section II(I)(1), in that the exhibits thereto inappropriately recite social security number and birth date information.

Copies to:

Counsel of record and
    pro se parties, if any