**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ADAM B. BEAUREGARD,
as personal representative of the
ESTATE of SARAH DAWN
BEAUREGARD,

        Plaintiff,

vs.                                          Case No. 3:08-cv-37-J-32TEM

CONTINENTAL TIRE NORTH AMERICA,
INC., etc.,

        Defendant.

**ORDER**

On March 16, 2010, this Court issued a decision in this products liability case granting summary judgment to defendant Continental Tire North America, Inc. because the Court determined as a matter of law that plaintiff had been unable to marshal more than a scintilla of evidence to support his claims that the design or manufacture of a Continental tire was to blame for the car accident in which Sarah Dawn Beauregard was killed. See Order and Judgment, Docs. 106 & 107. Plaintiff has now moved the Court to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e); defendant filed a response in opposition. See Docs. 108 & 109. Incorporating by reference the entirety of the Court's March 16, 2010 Order, the Court finds plaintiff's motion is due to be denied, but takes this opportunity to note the following:

First, to the extent plaintiff suggests that the Court based its decision on an argument not prominently featured by Continental, this is partially true, but with good reason.

Continental's motion for summary judgment was filed over a month before the deposition of Robert Ochs (plaintiff's expert) took place- - only Ochs' report was available when Continental filed its motion and thus, not surprisingly, while Continental did question whether plaintiff could present evidence of a manufacturing defect through Ochs, Continental was unable to know the specifics of Ochs' testimony. By the time of Continental's reply brief, however, Ochs' deposition had been taken and the precise bases for his opinions were known. Thus, Continental's reply brief pointed to several places in Ochs' deposition where his testimony failed to bridge the gap between his examination of the tire and the findings in his report regarding a manufacturing defect. Additionally, the issue of whether plaintiff had evidence to support the presence of a manufacturing defect was argued at the summary judgment hearing and it was clear to the Court that the evidence of a defect had to be considered as a threshold issue. See Rink v. Cheminova, Inc., 400 F.3d 1286, 1295 (11th Cir. 2005). Though framed in terms of summary judgment, the Court's analysis was also designed to perform its gate-keeping role under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

Second, the Court advisedly looked at the case in the light most favorable to plaintiff, considering every possibility that would allow Ochs' opinions to create a triable issue of fact regarding the presence of a manufacturing defect. While plaintiff makes sweeping assertions regarding the evidence in this case, in key instances, plaintiff has failed to support these assertions with record cites; the Court's own close review of Ochs' deposition testimony revealed that his opinions regarding the presence of a manufacturing defect were built on a hollow pyramid of suppositions. The hallmark of Ochs' manufacturing defect

finding- - the presence of liner pattern marks, which Ochs testified can indicate a loss of adhesion between the sheets of rubber at the interface of the upper and lower belts of a tire- - were not visible in the place where the tire tread separated; moreover these marks were visible elsewhere in places where the tread had not separated during more than 30,000 miles of driving and the eleven years and seven months that had passed since the tire was manufactured.  Where Ochs had testified that all tires lose adhesion over time, and where he had further testified that a tread separation does not necessarily mean a tire is defective, the Court just did not see how his opinions could create a triable issue of fact that would permit the case to go forward in light of his other findings upon examination of the tire. Ultimately, Ochs' testimony was that sometimes the presence of liner pattern marks can indicate a defect; he was never able to testify based on facts in this record that this is what happened in this case.  Of course, the Court did not consider the testimony of defendants' experts, which severely criticized Ochs' opinions, because to do so would have been improper in the context of a summary judgment ruling.

Third, the Court continued to view the evidence in the light most favorable to plaintiff when it then considered the possibility of applying a Cassisi inference to permit a jury to infer that a defect in the manufacturing process caused a malfunction (a point plaintiff's counsel raised at oral argument).[1]  Here too, however, the Court did not see how the evidence could meet the test set forth in Cassisi to permit the jury to make the inference.  Unlike in Zyferman v. Taylor (a case cited by plaintiff in his current motion but not in any earlier briefing), where

---

[1] See Cassisi v. Maytag Co., 396 So.2d 1140 (Fla. 1st DCA 1981).

3

the court determined a Cassisi inference should permit a jury to determine whether a boiler relay switch suffered a manufacturing defect when it caused an explosion nine years after it was built,[2] plaintiff here could not demonstrate that the tire suffered a defect at all- - as Ochs himself testified, the presence of a tread separation does not necessarily mean the tire is defective.  As Ochs testified, a variety of factors can cause a tire to lose adhesion over its lifetime and several of those factors were present in this tire.  The evidence of a manufacturing defect that was present at the time the tire left the control of Continental was simply insufficient to allow the case to proceed on an inference under Cassisi.

Finally, the Court does not take lightly a decision to grant summary judgment based on a finding that an expert's testimony fails as a matter of law to create a triable issue of fact.  That is why the Court carefully reviewed the evidence plaintiff submitted and studied the relevant case law to give plaintiff every benefit of the Rule 56 standard before ultimately concluding that plaintiff's case simply fell short.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion to Alter or Amend the Judgment Pursuant to FRCP 59(e) (Doc. 108) is **denied**.

---

[2] Zyferman v. Taylor, 444 So.2d 1088 (Fla. 4th DCA 1984).

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of June, 2010.

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record